**WO**                                                                                                       JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Dessens, ) | No. CV 05-3776-PHX-SMM (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Lower Buckeye Jail in Phoenix, Arizona.  The Court will require an answer to the Complaint.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250.00.  An initial partial filing fee of $10.60 is assessed.  The remainder of the fee will be collected monthly in payments of 20 percent of the previous month's income, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1 government agency to collect the fees according to the statutory formula.

2 **B.**     **Statutory Screening of Prisoner Complaints**

3 The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

9 **C.**     **Complaint**

10 In his Complaint Plaintiff alleges that he is exposed to constant lighting at the jail. He states that even when the lights are "dimmed" at night, the light is bring enough to read by. He claims that he has suffered from lack of sleep which has affected his ability to perform normal daily activities. Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa County Sheriff, is liable because he created and authorized the procedures at the jail. These allegations adequately state a claim, and the Court will require an answer to the Complaint.

17 **D.**     **Dismissal**

18 *1. Hart v. Hill*

19 Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Remedial decrees are the means

1  by which unconstitutional conditions are corrected but they do not create or enlarge
2  constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his
3  claim is not properly brought in this action.  Instead, his allegations must separately state a
4  violation of a constitutional right.  Only Plaintiff's allegations in Count II sufficiently state
5  a constitutional claim.

### 2. Count I - Mechanical Restraints

Plaintiff's allegations in Count I are best described as an excessive force claim. Allegations of excessive force require an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Jeffers v. Gomez, 267 F.3d 895, 899 (9th Cir. 2000).  Because the use of force relates to the prison officials' legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force.  See Whitley, 475 U.S. at 321-22.

Plaintiff has failed to allege the lack of any penological interest in putting inmates in hand-cuffs and ankle chains when transporting them to holding tanks.  Nor has he alleged that Defendant placed him in hand-cuffs maliciously or solely to cause him harm.  As discussed *supra*, alleged violations of the Amended Judgement in Hart v. Hill alone are insufficient to state a constitutional claim under § 1983.  Accordingly, Count I will be dismissed without prejudice.

### 3. Count III - Access to Books

Generally, a claim regarding a denial of reading material relates to legal reading material.  The right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).  However, Plaintiff's allegations in Count III appear to concern only casual reading material.  Plaintiff fails to state any specific injury beyond being "deprived the right to reading materials since being incarcerated" (Compl. at 6).  To state a § 1983 claim, a plaintiff

must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). In addition, Plaintiff fails to state what constitutional right is being violated. At this juncture, the allegations in Count III fail to state a claim under § 1983.

**E.     Warnings**

*1. Release*

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance, or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

*2. Address Changes*

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCIV 83.3(d). Plaintiff shall not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

*3. Copies*

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCIV 5.4. The Court may strike any filing that fails to comply with these requirements.

*4. Possible dismissal*

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted** pursuant to 28 U.S.C. § 1915(a)(1).

1  (2) As required by the accompanying Order to the appropriate government agency,
2  Plaintiff must pay the $250.00 filing fee, and is assessed an initial partial filing fee of $10.60.

3  (3) Counts I and III are dismissed without prejudice.

4  (4) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
5  this Order, and both summons and request for waiver forms for Defendant Arpaio.

6  (5) Plaintiff shall complete and return the service packet to the Clerk of Court within
7  20 days of the date of filing of this Order. The United States Marshal will not provide
8  service of process if Plaintiff fails to comply with this Order.

9  (6) If Plaintiff does not either obtain a waiver of service of the summons or complete
10 service of the Summons and Complaint on each Defendant within 120 days of the filing of
11 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
12 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
13 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

14 (7) The United States Marshal shall retain the Summons, a copy of the Complaint,
15 and a copy of this Order for future use.

16 (8) The United States Marshal shall notify Defendant of the commencement of this
17 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
18 Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The
19 Marshal shall file waivers of service of the summons or requests for waivers that were
20 returned as undeliverable as soon as they are received. If a waiver of service of summons
21 is not returned by a Defendant within thirty days from the date the request for waiver was
22 sent by the Marshal, the Marshal shall:

23    (a) Personally serve copies of the Summons, Complaint, and this Order upon the
24    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

25    (b) Within 10 days after personal service is effected, file the return of service for
26    the Defendant, along with evidence of the attempt to secure a waiver of service of the
27    summons and of the costs subsequently incurred in effecting service upon the
28    Defendant. The costs of service shall be enumerated on the return of service form

**TERMPSREF**                                              - 5 -

1 (USM-285) and shall include the costs incurred by the Marshal for photocopying
2 additional copies of the Summons, Complaint, or this Order and for preparing new
3 process receipt and return forms (USM-285), if required.  Costs of service will be
4 taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
5 Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

6 (9) **A Defendant who agrees to waive service of the Summons and Complaint**
7 **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

8 (10)  Defendant shall answer the Complaint or otherwise respond by appropriate
9 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
10 Rules of Civil Procedure.

11 (11) Any answer or responsive pleading shall state the specific Defendant(s) by name
12 on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
13 motion or paper that does not identify the specific Defendant(s) by name on whose behalf
14 it is filed.

15 (12) This matter is referred to Magistrate Judge Mark E. Aspey under Rules 72.1 and
16 72.2 of the Local Rules of Civil Procedure.

17 DATED this 15th day of June, 2006.

20 Stephen M. McNamee
United States District Judge

**TERMPSREF**

- 6 -